UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:
Joseph D. Noyes, Sr. and Terri S. Noyes       Chapter 13
                                              Case Number: 16-40697
        Debtor(s)                             Hon. Maria L. Oxholm
_____/

**Proposed Chapter 13 Plan Modification**

NOW COME Debtor(s) Joseph and Terri Noyes, by and through undersigned counsel, and propose to modify their confirmed Chapter 13 Plan as follows:

1. Debtor(s) filed their petition for Chapter 13 Bankruptcy relief on January 20, 2016.

2. Debtor(s) plan was confirmed on august 26, 2016.

Proposed Modification Number One

3. Debtor(s) are obligated, pursuant to their confirmed plan, to remit their federal income tax refund to the Office of the Standing Trustee for every taxable year they remain in their Chapter 13 Bankruptcy.

4. For the taxable year of 2018, Debtor(s) received a federal income tax refund of $2,378.00.

5. For the taxable year of 2017, Debtor(s) had a federal income tax liability of $650.00.

6. Debtor(s) propose to excuse their obligation to remit their federal income tax refund for the years 2017 and 2018.

7. As justification, Debtor(s) offer proof of the following unanticipated expenses (the "Expenses"):

8. Debtor(s) are concurrently filing a Motion to Incur to purchase a 2016 Jeep Compass Latitude (the "New Car"), due to her 2010 Malibu being un-drivable.

9. Per the terms of her "good faith estimate", the down payment is $1,800.00. See attached **Exhibit 6**.

10. The Debtor(s)' tax liability plus the down-payment on the new vehicle, total $2,450.00, in excess of Debtor(s)' federal income tax refund for 2018

11. Without safe and reliable transportation, Debtor will not be able to support her family or make plan payments should any need to be made.

12. Debtor(s) must pay their tax liability, and because the car expenses is for the support, and wellbeing of the Debtor(s), the retention of the 2018 income tax refunds is justified and excusal of 2017 returns is unnecessary due to the tax liability.

Proposed Modification Number Two

13. Debtor(s) have a 2010 Chevy Malibu, with a lien held by Honor Finance (the "Malibu").

14. The total mileage on the Malibu is in excess of 225,000, and the driveshaft, powertrain, and transmission all need repairs.

15. Due to this occurrence, Debtor(s) propose to surrender their 2010 Malibu and the claim held by Honor Finance at Class 4.2 of their confirmed plan. See **Docket No. 25 at page four**.

16. Debtor(s) will replace the $394.91 car expense with a $359.86 per month payment for the New Car, provided the Court approves this expense.

17. An amended Schedule J will be filed concurrently with this Plan Modification and Motion to Incur which will disclose a new cable/internet expense. See attached **Exhibit 6**.

Effect of Modifications

18. The Proposed Modifications will have the following effects:
   a. **Class one administrative claims** – will not be impacted.
   b. **Class two continuing claims** – will not be impacted.
   c. **Class three secured claims to be stripped from the collateral** – will not be impacted.

d. **Class four continuing claims that survive the plan** – will not be impacted, as the claim is "Direct Pay".
e. **Class five secured claims where the last payment will become due during the plan** – will not be impacted.
f. **Class six executory contracts** – will not be impacted.
g. **Class seven priority unsecured claims** – will not be impacted, and will be paid pursuant to the plan.
h. **Class eight special unsecured claims** – will not be impacted.
i. **Class nine general unsecured claims** – will decrease dividend, however, for the reasons stated herein, the reduction is reasonable.

WHEREFORE, Debtor(s)' respectfully request this honorable Court enter an order granting Debtor(s)' Proposed Plan Modification as more specifically set forth in the attached **Exhibit 1,** a plan calculation, worksheet, and liquidation analysis are also attached with **Exhibit 6**.

    Respectfully submitted,

Dated: May 2 2019

/s/William C. Babut
William C. Babut (P41099)
Babut Law Offices, PLLC
Attorneys for Debtor
700 Towner St.
Ypsilanti, MI 48198
(734) 485-7000
wbabut@babutlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:

Joseph D. Noyes, Sr. and Terri S. Noyes      Chapter 13
Case Number: 16-40697
Debtor(s)      Hon. Maria L. Oxholm

_____/

**Order Granting Proposed Chapter 13 Plan Modification**

THIS MATTER having come before the Court on Debtor's Proposed Plan Modification; no parties having objected or after hearing, and the Court being duly informed in the premises:

IT IS ORDERED that Debtor(s)' duty to remit their 2017 and 2018 federal income tax returns is excused, and Debtor(s) shall retain their tax refunds.

IT IS FURTHER ORDERED that the claim held by Honor Finance at class 4.2 is surrendered and the remaining claim will be treated as a class 9 general unsecured debt.

IT IS FURTHER ORDERED that in all other respects, the Order Confirming Plan shall remain in full force and effect.

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:

Joseph D. Noyes, Sr. and Terri S. Noyes     Chapter 13
Case Number: 16-40697
Debtor(s)     Hon. Marci B. McIvor

_____/

## **Notice of Deadline to Object to Proposed Chapter 13 Plan Modification**

The deadline to file an objection to the attached proposed Chapter 13 plan modification is 21 days after service.

If no timely objection is filed, the proponent of the plan modification may file a certificate of no objection and the modified plan will then become effective.

If a timely objection is filed, the Court will set the matter for hearing and give notice of the hearing to the debtor, the proponent of the plan modification, the trustee and any objecting parties. In that event, the plan modification will become effective when the Court enters an order overruling or resolving all objections.

Objections to the attached proposed chapter 13 plan modification shall be served on the following:

| | |
|---|---|
| William C. Babut | Tammy L. Terry |
| Babut Law Office, P.L.L.C. | Chapter 13 Trustee |
| 700 Towner Street | 535 Griswold, Suite 2100 |
| Ypsilanti, MI 48198 | Detroit, MI 48226 |

Date: May 2, 2019

           /s/ William C. Babut
           William C. Babut (P41099)
           Babut Law Offices, P.L.L.C.
           700 Towner Street
           Ypsilanti, MI 48198
           734-485-7000
           wbabut@babutlaw.com

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:

Joseph D. Noyes, Sr. and Terri S. Noyes     Chapter 13
                                                                          Case Number: 16-40697
                         Debtor(s)                         Hon. Maria L. Oxholm
_____/

## **PROOF OF SERVICE**

Kim Justice hereby certifies that on April 10, 2019, that she served a copy of the following documents:

- Proposed Chapter 13 Plan Modification,
- Notice of Deadline to Object to Proposed Chapter 13 Plan Modification
- Proposed Order Granting Proposed Chapter 13 Plan Modification
- Exhibit(s)
- Proof of Service

On All interested parties on the attached Court Matrix,

Dated: May 2, 2019                                           /s/ Kim Justice
                                                                          Kim Justice
                                                                          Babut Law Offices, P.L.L.C.
                                                                          700 Towner Street
                                                                          Ypsilanti, MI 48198
                                                                          734-485-7000
                                                                          kim@babutlaw

## **EXHIBIT 4**